UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND,    ) | |
| ) | |
| Plaintiff,    ) | |
| v.    ) | **18 C 4849** |
| ) | |
| FOWLER & LANDERS CONCRETE, INC.    ) | |
| an Illinois corporation,    ) | |
| ) | |
| Defendant(s).    ) | |

## COMPLAINT

Plaintiff Central Laborers' Pension Fund, by its attorneys, for its complaint against Defendant FOWLER & LANDERS CONCRETE, INC., alleges as follows:

### COUNT I
against
FOWLER & LANDERS CONCRETE, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff is a multiemployer pension fund, and its affiliated fringe benefit funds are multiemployer welfare funds and related funds, all established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3. Plaintiff and its affiliated benefit funds receive fringe benefit contributions (and dues payments for Union affiliates) from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements. The right to receive fringe benefit contributions also arises pursuant to participation agreements between Plaintiff and employers.

4. Plaintiff Central Laborers' Pension Fund is the authorized collection agent for its affiliated benefit funds and Union affiliates with respect to fringe benefit contributions and dues payments.

5. FOWLER & LANDERS CONCRETE, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois. Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b). FOWLER & LANDERS CONCRETE, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6. FOWLER & LANDERS CONCRETE, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements. FOWLER & LANDERS CONCRETE, INC. has never terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), FOWLER & LANDERS CONCRETE, INC. became a party to and bound by Plaintiff's trust agreement and the trust agreements of Plaintiffs' affiliated benefit funds.

8. FOWLER & LANDERS CONCRETE, INC. became a party to and bound by one or more participation agreements with the Plaintiff and its affiliated benefit funds, including but not

limited to a participation agreement executed on December 23, 2010. FOWLER & LANDERS CONCRETE, INC. has never terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), FOWLER & LANDERS CONCRETE, INC. became a party to and bound by the Plaintiff's trust agreement and the trust agreements of Plaintiffs' affiliated benefit funds.

10. FOWLER & LANDERS CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to Plaintiff.

11. FOWLER & LANDERS CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. FOWLER & LANDERS CONCRETE, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to Plaintiff.

13. Under the terms of the collective bargaining agreements, participation agreements and trust agreements, FOWLER & LANDERS CONCRETE, INC. is required to make fringe benefit contributions and dues payments to Plaintiff and its affiliated benefit funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, FOWLER & LANDERS CONCRETE, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered

3

under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. FOWLER & LANDERS CONCRETE, INC. failed and refused to timely pay all contributions and work dues for the following months when due in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements; delinquent payments included but may not be limited to the following:

| | |
|---|---:|
| Delinquent Contributions (11/2015, Local 393): | $1,273.69 |
| Delinquent Contributions (04/2016, Local 393): | $2,810.88 |
| Delinquent Contributions (05/2016, Local 393): | $843.09 |
| Delinquent Contributions (07/2016, Local 393): | $1,428.42 |
| Delinquent Contributions (08/2016, Local 393): | $955.86 |
| Delinquent Contributions (02/2017, Local 393): | $171.84 |
| Delinquent Contributions (05/2017, Local 393): | $94.48 |
| Delinquent Contributions (06/2017, Local 393): | $661.36 |
| Delinquent Contributions (07/2017, Local 393): | $868.04 |
| Delinquent Contributions (08/2017, Local 393): | $661.36 |
| Delinquent Contributions (10/2017, Local 393): | $835.56 |
| Delinquent Contributions (11/2017, Local 393): | $566.88 |

15. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due (or a minimum of $25.00). ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

16. Because contributions were not paid when due, FOWLER & LANDERS CONCRETE, INC. incurred 10% penalty assessments (or minimum $25.00 assessments) in accordance with the participation agreements and trust agreements totaling not less than the following:

Delinquent Contributions (11/2015, Local 393): $127.37
Delinquent Contributions (04/2016, Local 393): $281.09
Delinquent Contributions (05/2016, Local 393): $84.31
Delinquent Contributions (07/2016, Local 393): $142.84
Delinquent Contributions (08/2016, Local 393): $95.59
Delinquent Contributions (02/2017, Local 393): $25.00
Delinquent Contributions (05/2017, Local 393): $25.00
Delinquent Contributions (06/2017, Local 393): $66.14
Delinquent Contributions (07/2017, Local 393): $86.80
Delinquent Contributions (08/2017, Local 393): $66.14
Delinquent Contributions (10/2017, Local 393): $83.56
Delinquent Contributions (11/2017, Local 393): $56.69

**Total: $1,140.53**

17. The total amount owed by FOWLER & LANDERS CONCRETE, INC. pursuant to the collective bargaining agreements, participation agreements, and trust agreements is not less than **$1,140.53**.

18. FOWLER & LANDERS CONCRETE, INC. has failed and refused to pay the amount of $1,140.53 known to be due to Plaintiff.

19. Plaintiff has been required to employ the undersigned attorneys to identify and pursue collection of the amount due from FOWLER & LANDERS CONCRETE, INC.

20. ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to Plaintiff for the cost of an audit and attorney's fees and costs.

21. ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

5

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment against FOWLER & LANDERS CONCRETE, INC. in favor of Plaintiff.

B. Order FOWLER & LANDERS CONCRETE, INC. to pay Plaintiff not less than $1,140.53.

C. Order FOWLER & LANDERS CONCRETE, INC. to perform and continue to perform all obligations it has undertaken with respect to Plaintiff.

D. Order FOWLER & LANDERS CONCRETE, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiff pursuant to 29 U.S.C. § 1132(g)(2).

E. Grant Plaintiff such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al*.

By: /s/ *Richard A. Toth*
One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL 60603-1903
(312) 726-8797

6